UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITTINI LUNA,

        Plaintiff,

vs.                                                         CIV 06-0449 KBM/ACT

SED MEDICAL LABORATORIES, INC.,
and LOVELACE SANDIA HEALTH SYSTEMS, INC.,

        Defendant.[1]

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss two of Plaintiff's three claims on the ground that they were not exhausted when Plaintiff pursued her administrative remedy with the Equal Employment Opportunity Commission ("EEOC"). *Doc. 6.* The facts and issues are straightforward, and this Court can dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1) after considering EEOC documents attached to the motion. *E.g., Martin v. Cent. States Emblems, Inc.,* 150 Fed. Appx. 852, 856 (10th Cir. 2005). The motion will be granted for the reasons and authorities cited by Defendant. *See Docs. 6, 12.*

The Complaint alleges that Plaintiff was led to believe that she would receive a "significant pay raise" once she received certification as a histologist  After completing her certification she received the same small merit increase that her co-workers received, and after complaining about

---

[1] Defendant "Lovelace Health System, Inc." indicates that Plaintiff incorrectly identified it as "S.E.D. Medical Laboratories, Inc. and Lovelace Sandia Health System, Inc." *Doc. 6* at 1.

the discrepancy of her pay with that of similarly-situated male, she was given another increase, but she was still making much less than her male counterparts. Plaintiff implies that during the eight-day period between the time she received the unsatisfactory second raise and filed her EEOC charge, her supervisors criticized her performance and co-workers told her to stop making trouble. Eight days after she filed her EEOC charge, Plaintiff resigned. *See Doc. 1* at ¶¶ 6-29.

The charge Plaintiff filed with the EEOC recites that she was not paid as much as male employees, which constituted discrimination based on her gender and under the Equal Pay Act, and that "***This*** adverse treatment caused me to terminate my employment." *Doc. 6,* Exh. A (emphasis added). Plainly, "this" treatment refers to the preceding recitation of pay discrepancy vis-a-vis another male histologist. *See id.* The charge does not mention hostile work environment or retaliation as the basis of discrimination, even though the form specifically provides a check box for "retaliation." Plaintiff instead checked the "other" box option and only described the pay discrepancy.

This Court has no jurisdiction to consider "Title VII claims that are not part of a timely-filed EEOC charge." *Annett v. University of Kan.,* 371 F.3d 1233, 1238 (10th Cir. 2004). The reasoning that Plaintiff relies upon in urging the Court to look beyond the face of EEOC charge has been abrogated. *See Doc. 11* at 2-3; *see also, e.g., Annett,* 371 F.3d at 1238 ("'unexhausted claims involving discrete employment actions are no longer viable'" and "each discrete retaliatory action constitutes its own 'unlawful employment practice for which administrative remedies must be exhausted,'" quoting *Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003) and *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002), respectively). Furthermore, although even matters "reasonably related" to the "continuing"

allegations Plaintiff made with the EEOC can also be raised, a liberal reading of the charge does not support a conclusion that her hostile work environment or retaliation claims fall in that category. *E.g., Mitchell v. City and County of Denver,* 112 Fed. Appx. 662, 667-69 (10th Cir. 2004). Dismissal of Counts I and II for failure to exhaust is therefore warranted, although the dismissal is without prejudice. *E.g., Strozier v. Potter,* 71 Fed. Appx. 802, 804 (10th Cir. 2003).

Wherefore,

**IT IS HEREBY ORDERED**  that Defendant's motion to dismiss *(Doc. 6)* is **granted**. Plaintiff's retaliation and hostile work environment claims in Counts I and II are **dismissed without prejudice** for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.